# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-00636-SCT

*LEE COUNTY, MISSISSIPPI AND LEE COUNTY
EMERGENCY COMMUNICATION DISTRICT*
*v.*
*KERMIT DAVIS AND NANCY DAVIS*


| | |
|---|---|
| DATE OF JUDGMENT: | 3/9/2001 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GREGORY M. HUNSUCKER |
| | WILLIAM M. BEASLEY |
| ATTORNEY FOR APPELLEES: | DUNCAN L. LOTT |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 01/09/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.    This interlocutory appeal concerns the liability of Lee County and the Lee County Emergency Communication District (collectively "Lee County") for property damage resulting from a failure to notify police[1] of a suspected burglary in a timely manner.  We find Lee County to be immune under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to -23 (2002), and reverse and render.

## FACTS AND PROCEDURAL HISTORY

_____

[1]The Tupelo Police Department was the law enforcement agency with jurisdiction in this case, though their involvement is not at issue.  However, as most cases define "law enforcement" as "police," to avoid confusion we will refer to them as "police."

¶2. In the early morning hours of June 13, 1998, Kenneth Baker, a neighbor of plaintiffs Kermit and Nancy Davis, noticed a white sedan pull into the driveway of the Davis residence, three men exit the vehicle, and the sedan leave the scene. At the time, the Davises were vacationing in Florida. Baker called 911 to report the incident, but the police never responded. Fifteen minutes later, the white sedan returned to the Davis residence, and the three men got into it and left. Baker called 911 again, and yet again the police failed to respond. It was not until Baker made a third call to 911 and some 80 minutes after the first call that the Tupelo Police Department responded. The officers determined that the Davis residence had been burglarized and many valuable items stolen.

¶3. The Davises sued Lee County for damages alleging that it is a political subdivision of the State of Mississippi and charging it with negligence and reckless disregard for failing to respond timely to an emergency call. The trial court denied Lee County's motion to dismiss and motion for a certificate for interlocutory appeal. We subsequently granted Lee County's petition for interlocutory appeal. *See* Miss. R. App. P. 5.

## STANDARD OF REVIEW

¶4. We employ a de novo standard when reviewing questions of law, including those questions concerning the application of the Mississippi Tort Claims Act. ***Maldonado v. Kelly***, 768 So. 2d 906, 908 (Miss. 2000) (citing ***City of Jackson v. Perry***, 764 So. 2d 373, 376 (Miss. 2000)).

## DISCUSSION

¶5. The dispositive issue in this case is whether Lee County is liable to the Davises for property damage they sustained when their house was burglarized while they were on vacation, and the police were not notified to respond in a timely manner.

¶6.    The Legislature enacted the Emergency Telephone Service (911) Law, Miss. Code Ann. §§ 19-5-301 to -317 (1995 & Supp. 2002), to improve emergency response time to requests for emergency services:

> The Legislature finds and declares it to be in the public interest to reduce the time required for a citizen to request and receive emergency aid, and to raise the level of competence of local public safety and 911 telecommunicators by establishing a minimum standard of training and certification for personnel involved in the answering and dispatching of calls to law enforcement, fire and emergency medical services.

*Id.* § 19-5-301.

¶7.    The malfeasance about which the Davises complain was that of the Lee County 911 dispatcher's failure to send law enforcement to their home until after Baker's third call.  A dispatcher is a "telecommunicator" within the meaning of the 911 statute and is defined as

> any person engaged in or *employed* as a telecommunications operator *by any public safety, fire or emergency medical agency* whose primary responsibility is the receipt or processing of calls for emergency services provided by public safety, fire or emergency medical agencies or the dispatching of emergency services provided by public safety, fire or emergency medical agencies and who receives or disseminates information relative to emergency assistance by telephone or radio.

*Id.* § 19-5-303(n) (emphasis added).

¶8.    While the Davises are correct that Miss. Code Ann. § 11-46-9(1)(c) does not expressly refer to 911 services, it cannot be said that such services do not relate to police and fire protection.  A plain reading of this statute indicates that the activities of telecommunicators are covered by the police and fire protection exemption of Miss. Code Ann. § 11-46-9(1)(c) which provides an exemption from liability for any claim "relating to police or fire protection" absent reckless disregard:

> (1)    A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> (c)  Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities

3

> *relating to police or fire protection* unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

(emphasis added). Telecommunicators process emergency calls from the public and dispatch police and fire personnel in response. They are trained and certified by the state[2] and are, after all, in the employ of public safety, fire or emergency medical agencies. *See* Miss. Code Ann. § 19-5-303(n). Not only does a telecommunicator's job relate to police and fire protection, it is an integral link to police and fire services.

¶9.     A 911 telecommunicator is not a "service supplier" under the Emergency Telephone Service (911) Law. The limitation of liability contained in Miss. Code Ann. § 19-5-361 applies to "service suppliers" and their employees. Miss. Code Ann. § 19-5-303(d) defines "service supplier" as "any person providing exchange telephone service, cellular telephone service or personal communications service to any service user throughout the county." This entity provides the Miss. Code Ann. § 19-5-303(a) "exchange access facilities" and is, in other words, the phone company. The service supplier is obviously not liable in this case, for there is no allegation the 911 system itself failed to operate as intended.

¶10.    The "reckless disregard" exception to Miss. Code Ann. § 11-46-9(1)(c) as quoted above is not applicable in this case. Clearly, Miss. Code Ann. § 11-46-9(1)(c) requires a reckless disregard for the safety and well-being of any *person*. The Davises' argument that "[w]hether or not appellee sustained physical injury is immaterial as they did sustain loss of property and mental pain and anguish associated with the burglary of their home and theft of their property" is not persuasive given the clear and unambiguous language of Miss. Code Ann. § 11-46-9(1)(c). At no time have we held the "reckless disregard" exception to apply in cases involving only loss of property, and we decline to do so now. All prior cases discussing the "reckless disregard" exception have involved personal injury. *See, e.g.*, ***Liggans v. Coahoma***

---

[2]Miss. Code Ann. § 19-5-353.

*County Sheriff's Dep't*, 823 So. 2d 1152 (Miss. 2002) (finding "reckless disregard" exception did not apply to case in which arrestee fell from top bunk bed in county jail); *Maldonado v. Kelly*, 768 So. 2d 906 (Miss. 2000) (finding deputy sheriff's actions did not amount to "reckless disregard" when his vehicle struck and injured plaintiff); *Turner v. City of Ruleville*, 735 So. 2d 226 (Miss. 1999) (defining Miss. Code Ann. § 11-46-9(1)(c) in an action for injuries sustained when police officer, who had previously stopped drunk driver, intentionally allowed driver to continue driving).

¶11. It simply would not be practical to hold a 911 District liable for damages sustained as a result of a telecommunicator's delay in dispatching police and fire personnel and the only damage sustained was to property. If we were to sanction such actions, the courts would be entertaining suits alleging that police and/or fire protection did not respond fast enough to an emergency. The Legislature surely did not intend for the courts to develop a stopwatch test or to make a 911 District a property insurer when it enacted the Emergency Telephone Service (911) Law.[3] If the Legislature intends to include property damage an amendment would be necessary, for the plain language of Miss. Code Ann. § 11-46-9(1)(c) lends itself to no legislative intent for judicial development.

## CONCLUSION

¶12. We find that Lee County and the Lee County Emergency Communication District are immune to the Davises' suit to collect for property damage and loss due to the alleged tardy notification of police. The Lee County Circuit Court should have granted their motion to dismiss. Therefore, we reverse the circuit

---

[3]*See* Jay M. Zitter, Annotation, *Liability for Failure of Police Response to Emergency Call*, 39 A.L.R.4th 691 (1985), for an annotation of cases addressing the liability of police for failing to respond or delaying in their response to an emergency call.

court's order denying the motion to dismiss, and we render judgment here dismissing the Davises' complaint with prejudice.

¶13.    **REVERSED AND RENDERED.**

**PITTMAN, C.J., SMITH, P.J., COBB, EASLEY AND CARLSON, JJ., CONCUR. DIAZ, J., CONCURS IN RESULT ONLY. McRAE, P.J., AND GRAVES, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**