# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-01961-SCT

*UNITED STATES FIDELITY & GUARANTY*
*COMPANY AND CITY OF MERIDIAN, MISSISSIPPI*

*v.*

*RICHARD K. MOSS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/1/2002 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID ZACHARY SCRUGGS |
| | DAVID PAUL VOISIN |
| | MYLES A. PARKER |
| ATTORNEYS FOR APPELLEE: | ROBERT C. BOYD |
| | JAMES RANDAL WALLACE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 03/25/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.

## SMITH, PRESIDING JUSTICE, FOR THE COURT:

¶1.     This lawsuit stems from allegations of improper handling of numerous aspects of a workers' compensation claim. Plaintiff Richard K. Moss ("Moss") filed suit against the City of Meridian ("City"), a Mississippi municipal corporation, and United States Fidelity & Guaranty Company ("USF&G") in the Circuit Court of the First Judicial District of Hinds County, Mississippi, alleging breach of contract and negligence.  The City and USF&G moved for a transfer of venue pursuant to Miss. Code Ann. § 11-45-25 (Rev. 2002), suits by and against municipalities, and 11-11-7 (1972) (repealed effective January 1, 2003),

actions against insurance companies. The circuit court denied the motion and the defendants' request to certify the order denying venue change for interlocutory appeal.

¶2. Subsequently, the defendants filed a Petition for Interlocutory Appeal to this Court. This Court granted that petition. *See* M.R.A.P. 5. The defendants now ask this Court to determine whether the circuit court erred in denying their motion to transfer venue to Lauderdale County, Mississippi, pursuant to Miss. Code Ann. §§ 11-45-25 and 11-11-7, respectively. We find that the circuit court erred in denying the motion. Accordingly, we reverse and remand with instruction for the trial judge to transfer venue to the Circuit Court of Lauderdale County.

## FACTS AND PROCEDURAL HISTORY

¶3. Richard K. Moss, an employee of the City of Meridian, sustained injuries while at work, rendering him disabled and partially paralyzed below the waist. He submitted a workers' compensation claim for benefits long before his complaint in this action was filed. Defendants City and USF&G, the City's workers' compensation insurer, admitted liability for the maximum limit of wage indemnity benefits and all medical services related to Moss's injury. Accordingly, USF&G paid workers' compensation and medical benefits to Moss beginning at the time of the accident, June 18, 1995, up until about July 10, 2001, when payments stopped. Allegedly due to an error or oversight, Moss's payments "fell off" the automated computer system of USF&G, and Moss did receive payment again until November 21, 2001. Moss contends that the defendants also failed to pay a medical bill for x-rays to a physician in Hinds County, Mississippi. Moss alleges that defendants were made aware of the non-payment, but refused to pay. The bill was eventually turned over to a collection agent.

2

¶4.    Moss filed this suit in the Circuit Court of Hinds County on November 13, 2001, alleging that he suffered emotional distress as a result of the lapse in his payments.  On November 28, 2001, USF&G paid all past due compensation payments resulting from the lapse.  Subsequently, the defendants filed a Motion to Transfer Venue to Lauderdale County, Mississippi, pursuant to Miss. Code Ann. §§ 11-45-25 & 11-11-7.  The circuit court denied the motion, but the court failed to state any reason why the motion was not well taken.  The defendants are now before this Court on interlocutory appeal.  Defendants raise the following issues:

> **I.    WHETHER THE CIRCUIT COURT ERRED IN DENYING DEFENDANTS' MOTION TO TRANSFER VENUE TO LAUDERDALE COUNTY, MISSISSIPPI, PURSUANT TO MISS. CODE ANN. § 11-45-25.**

> **II.    WHETHER THE CIRCUIT COURT ERRED IN DENYING DEFENDANTS' MOTION TO TRANSFER VENUE TO LAUDERDALE COUNTY, MISSISSIPPI, PURSUANT TO MISS. CODE ANN. § 11-11-7.**

### ANALYSIS

¶5.    This Court utilizes "a de novo standard when reviewing questions of law, including those questions concerning the application of the Mississippi Tort Claims Act." *Lee County v. Davis*, 838 So.2d 243, 244 (Miss. 2003) (citing *Maldonado v. Kelly*, 768 So.2d 906, 908 (Miss. 2000)).

> **I.    WHETHER THE CIRCUIT COURT ERRED IN DENYING DEFENDANTS' MOTION TO TRANSFER VENUE TO LAUDERDALE COUNTY, MISSISSIPPI, PURSUANT TO MISS. CODE ANN. § 11-45-25.**

¶6.    The Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 to 11-46-23, controls the issue of proper venue in cases where a plaintiff files suit against the State or one of its subdivisions.  Because the

City of Meridian is a defendant in this action, Miss. Code Ann. § 11-46-13(2) controls our determination of proper venue. That statute states in pertinent part:

> The venue for any suit filed under the provisions of this chapter against the state or its employees **shall be** in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The venue for all other suits filed under the provisions of this chapter **shall be** in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. **The venue specified in this subsection shall control in all actions filed against governmental entities**, **notwithstanding that other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply.**

(emphasis added). We have recognized that in actions against governmental entities such as counties or municipalities, proper venue lies "in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located." *Estate of Jones v. Quinn*, 716 So.2d 624, 627 (Miss. 1998) (quoting Miss. Code Ann. § 11-46-13(2)). Assuming without deciding that the acts or omissions alleged here occurred in Hinds County, Section 11-46-13 would nevertheless apply pursuant to the statute's third sentence. That is, because the City of Meridian, a subdivision of the State of Mississippi, is a defendant, then Section 11-46-13(2) is the controlling venue statute. Furthermore, Rule 82(d) of the Mississippi Rules of Civil Procedure states:

> When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court.

¶7.    Moss points out that in *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1157 (Miss. 1992), we held "the word 'occur' [as used in Section 11-11-7] connotes each county in which a substantial

4

component of the claim takes place." He argues the defendants' failure to pay the medical provider in Hinds County is a substantial breach of duties they owed Moss and, therefore, part of his claims occurred in Hinds County for purposes of Miss. Code Ann. § 11-11-17. Thus, Moss asserts that Hinds County was a proper venue for this suit. We disagree.

¶8. We find that Section 11-46-13(2) controls venue in this action. Because the City of Meridian is wholly situated in Lauderdale County, Mississippi, venue was proper only in Lauderdale County and not in Hinds County. There is no question here that the suit should have been transferred pursuant to M.R.C.P. 82(d). *See **Estate of Jones***, 716 So.2d at 628-629. Moreover, the record in this case reveals no discernable basis for the refusal by the trial court to transfer this case. Such actions by trial judges are costly to the judicial system, both in money and reputation. Future unexplained abuses will not be ignored. The trial court erred in not transferring this action. Pursuant to controlling statutory and case law, this Court reverses the order of Hinds County Circuit Court and remands for a transfer of venue to Lauderdale County, Mississippi.

¶9. Due to the outcome of Issue I, we find that the remaining issues need not be addressed.

## CONCLUSION

¶10. We find that the trial court erred in determining that venue was proper in Hinds County. Therefore, the order of the trial court is reversed, and this case is remanded to the trial court for transfer of venue to the Circuit Court of Lauderdale County, Mississippi.

¶11. **REVERSED AND REMANDED.**

**PITTMAN, C.J., WALLER, P.J., COBB, EASLEY AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ AND CARLSON, JJ., NOT PARTICIPATING.**