KING, Justice,
for the Court:
¶ 1. The plaintiff in this case filed suit in Hinds County against the Mississippi Department of Human Services and Alliance Crossings, a children’s psychiatric facility, based upon the alleged statutory rape of a minor that occurred while the minor resided at Alliance Crossings in Lauderdale County and was in the legal and physical custody of the Department of Human Services. The alleged basis for venue in Hinds County was that the Department of Human Services is headquartered in Hinds County. The defendants filed motions to transfer venue to Lauderdale County, which the trial court denied. Because the plaintiff failed to allege sufficient facts supporting venue in Hinds County, this Court reverses the trial court and remands the case for transfer to Lauderdale County.

FACTS AND PROCEDURAL HISTORY

¶ 2. In February of 2007, S.C. discovered her then-twelve-year-old son, U.C., fondling his younger brother. She reported the incident to the Washington County Sheriffs Office, which notified the Mississippi Department of Human Services (MDHS). The resulting Washington County Youth Court Proceedings ended with S.C. voluntarily placing legal and physical custody of U.C. with MDHS. Under MDHS’s custody, U.C. was initially evaluated at Parkwood Behavioral Health Systems in Olive Branch, Mississippi (in Desoto County). Professionals at that facility recommended that U.C. be placed in long-term, inpatient residential treatment. Pursuant to this recommendation, MDHS placed U.C. in Alliance Crossings, a residential child psychiatric facility located in Lauderdale County. In June of 2007, while U.C. was in the care of (and located at) Alliance Crossings and under MDHS’s custody, U.C. was allegedly the victim of a statutory rape committed by another patient. Subsequent to the alleged rape, S.C. alleges that the acts and omissions of Alliance and MDHS allowed U.C. to engage in additional sexual acts with other patients. S.C.’s essential allegations against MDHS are that it failed to investigate and report the instances of sexual conduct. S.C. alleges several medical negligence claims against Alliance.
¶ 3. S.C. filed suit in Hinds County Circuit Court against MDHS, Alliance, and Alliance’s parent company, Psychiatric Solutions, Inc. (PSI), on November 4, 2010. She filed an Amended Complaint on February 16, 2011. In both, she alleged simply that “[v]enue is proper in the Circuit Court of Hinds County, Mississippi as the Defendant Mississippi Department of Health [sic] Services is headquartered in Hinds County, Mississippi.” She also alleges that the acts underlying the alleged liability, to wit, the sexual acts and Alliance’s attendant failures, occurred at Alliance in Lauderdale County. She makes no specific allegations regarding the loca *1013 tion where MDHS made the decisions regarding its failure to report or investigate.
¶ 4. On March 17, 2011, Alliance moved to transfer venue to Lauderdale County.[1] MDHS followed suit on March 25, 2011, alleging that venue is proper only in Laud-erdale County. The circuit court held a hearing on the issue on May 9, 2011. On June 22, 2012, the circuit court summarily denied the motions to transfer venue, stating simply that they are “not well taken.”
¶ 5. MDHS and Alliance appeal to this Court. They argue that venue is improper in Hinds County and proper in Lauderdale County under the Mississippi Tort Claims Act (MTCA) venue provision, because the acts underlying the liability occurred in Lauderdale County, thus venue for MDHS is proper only in Lauderdale County. Alliance alternatively argues that, if venue for MDHS is proper in Hinds County, the case against it should be severed from the case against MDHS and transferred to Lauderdale County.

ANALYSIS

¶ 6. Decisions on motions to transfer venue and to sever are reviewed for abuse of discretion. Estate of Jones v. Quinn, 716 So.2d 624, 626 (Miss.1998). Questions of law, such as interpretation of the Mississippi Tort Claims Act, are reviewed de novo. S. Cent. Reg’l Med. Ctr. v. Guffy, 930 So.2d 1252, 1255 (Miss.2006); U.S. Fid. & Guar. Co. v. Moss, 873 So.2d 76, 77 (Miss.2004).
¶ 7. The MTCA provides that venue “against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place.” Miss.Code Ann. § 11-46-13(2) (Rev.2012). Venue for “all other suits” is proper “in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located.” Id. Furthermore, “[t]he venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding that other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply.” Id. “State” includes departments and agencies of the State of Mississippi, and thus includes the Department of Human Services. Miss. Code Ann. § 11 — 46—l(j) (Rev.2012). Therefore, the venue for any suit against MDHS is in the county in which the negligence occurred, and this venue is controlling over all other venue statutes and defendants in the suit. Estate of Jones, 716 So.2d at 628.
¶ 8. “In venue disputes courts begin with the well-pleaded allegations of the complaint. These, of course, may be supplemented-and contested-by affidavits or other evidence in cognizable form.” Flight Line, Inc. v. Tanksley, 608 So.2d 1149, 1155 (Miss.1992). The plaintiff is allowed to select among the permissible venues, “and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue.” Id. Furthermore, “[i]n suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants.” Estate of Jones, 716 So.2d at 627.
¶ 9. MDHS and Alliance argue that venue can only be proper in Lauderdale County, because it is where the “central event” underlying liability, the alleged statutory *1014 rape, occurred. S.C. argues that the events underlying MDHS’s liability were its decisions not to investigate and report the alleged statutory rape. These, she argues in her briefs, emanated from DHS headquarters in Hinds County, not in Lauderdale County.[2] MDHS and Alliance argue that the location of MDHS’s decisions cannot be a basis for venue, because only the “central” or “underlying” event may provide a basis for venue.
¶ 10. In interpreting other venue statutes, this Court has held that the location of decision-making may provide a basis for venue. See, e.g., Med. Assurance Co. of Miss. v. Myers, 956 So.2d 213 (Miss.2007) (in case interpreting general venue statute, the alleged negligence was the act of refusing to renew insurance policy; where all communications were sent from Madison County and thus, all decisions occurred there, the Court noted that “every substantial act, omission, or injury-causing event occurred in Madison County”); Holmes v. McMillan, 21 So.3d 614, 619 (Miss.2009) (interpreting general venue statute, venue was proper in location where decision was made to reject settlement demand).
¶ 11. This Court has never explicitly addressed this issue under the MTCA venue statute. In Estate of Jones, Jones died in the Simpson County jail. Estate of Jones, 716 So.2d at 625. The plaintiffs filed suit in Hinds County and maintained that Jones was murdered, and also alleged simple negligence and wrongful death. Id. Included as defendants were various employees of the state who had responsibilities for the safety of the prisons. Id. In examining whether the state defendants were fraudulently included in the lawsuit, the Court determined that the various reasons for including the state defendants were based upon their responsibilities to investigate and maintain proper conditions at state institutions and their duty to oversee the State Medical Examiner’s Office and involvement in a statewide prisoner screening program. Id. at 628. The Court then transferred venue to Simpson County, finding that “proper venue is in the county in which the negligence took place.” Id. However, the Court did not discuss, and the plaintiffs did not appear to argue, that any negligence took place in Hinds County. Rather, it appears that the argument in this case was that venue was proper in Hinds County because the state defendants were Hinds County residents. Id. at 627. Thus, the case did not specifically address whether the location of the state defendants’ decisions provided a permissible venue.
¶ 12. Likewise, in Mississippi Crime Laboratory v. Douglas, this Court did not have the opportunity to address the specific issue at hand. Miss. Crime Lab. v. Douglas, 70 So.3d 196 (Miss.2011). The plaintiffs filed a wrongful incarceration claim in Hinds County based on an allegedly negligent autopsy performed in Rankin County. Id. at 202-03. “The plaintiffs argue[d] that venue [was] proper in Hinds County because the principal offices of the Mississippi Crime Laboratory and the Mississippi State Medical Examiners Office are located in Hinds County.” Id. at 203. However, the plaintiffs took “a different approach on appeal, raising issues regarding whether the Mississippi Crime Laboratory and Mississippi State Medical Office failed to perform certain duties (e.g., *1015 negligently failing to utilize proper testing procedures and negligently training employees), which led to Douglas’s wrongful incarceration.” Id. at 203 n. 2. Thus, because the arguments regarding alleged acts that took place in Hinds County were new on appeal, this Court declined to consider them, and only considered the argument that venue was proper in Hinds County because Hinds County was where the principal offices were located. Id. The Court ultimately concluded that venue was proper in Rankin County, where the act or omission (the autopsy) occurred. Id. at 203.
¶ 13. In this case as well, we decline to decide whether decisions such as those made be MDHS may provide the basis for venue because S.C. simply fails to allege any facts that show that any decisions occurred in Hinds County. Instead, she alleges that MDHS’s headquarters are in Hinds County, and so, logically, one must assume the decisions must have occurred in Hinds County. Such an extrapolation does not amount to a factual basis for the claim of venue. No credible evidence exists supporting the factual basis for the claim of venue in Hinds County. See Estate of Jones, 716 So.2d at 627. The only permissible venue under the facts of this case, as alleged in the complaint, is the location where the underlying act or omission occurred — Lauderdale County.[3]

CONCLUSION

¶ 14. The trial court erred in denying the motions to transfer venue because the plaintiff fails to allege a factual basis that Hinds County is a permissible venue, thus this Court reverses the judgment of the Circuit Court of Hinds County and remands the case for a transfer to Lauder-dale County.
¶ 15. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.

. PSI joins all of Alliance’s motions and briefs, and they will be referred to jointly as "Alliance.”

. In her response to MDHS’s motion to transfer venue in the trial court, S.C. stated that the DHS "employees’ omissions were committed by the DHS employees wherever they were located when they failed to act. It can hardly be argued that ultimately the authority and responsibility for supervision of DHS employees rests in Hinds County, Mississippi, the location of DHS headquarters.”

. Because we find that the case should be transferred to Lauderdale County under the MTCA, we decline to address Alliance’s argument in the alternative that the case against it should be severed and transferred to Lauder-dale County.