# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00631-SCT

*JONES COUNTY, CITY OF ELLISVILLE, AND*
*LAUDERDALE COUNTY*

*v.*

*ESTATE OF JADA BRIGHT AND ON BEHALF*
*OF THE WRONGFUL DEATH BENEFICIARIES*
*OF JADA BRIGHT*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/2021 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| TRIAL COURT ATTORNEYS: | MARCUS ALAN McLELLAND |
| | MARY LEE HOLMES |
| | CORY NATHAN FERRAEZ |
| | SCOTT TIMOTHY ELLZEY |
| | CAROLINE P. GATELY |
| | JAMES GRADY WYLY, III |
| | DRURY SUMNER HOLLAND |
| | LEE THAGGARD |
| | L. CLARK HICKS, JR. |
| | JESSICA SUSAN MALONE |
| | WILLIAM ROBERT ALLEN |
| | CECIL MAISON HEIDELBERG |
| | CHADWICK MITCHELL WELCH |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WILLIAM ROBERT ALLEN |
| | LEE THAGGARD |
| | L. CLARK HICKS, JR. |
| | KATELYN ADELE RILEY |
| ATTORNEYS FOR APPELLEES: | MARY LEE HOLMES |
| | MARCUS ALAN McLELLAND |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 11/17/2022 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    After being arrested twice in a two-day span, once in Lauderdale County and once in Jones County, for being suspected of driving under the influence and public intoxication, Shelley Rose allegedly drove a rental van the wrong way down Interstate 59 in Pearl River County.   A motor vehicle collision ensued, killing Jada Bright.   On January 30, 2020, Plaintiff Estate of Jada Bright (Bright) filed a wrongful death suit in Pearl River County Circuit Court against Defendants Estate of Shelley E. Rose; EAN Holdings, LLC; Enterprise Leasing Company-South Central, LLC; Elco Administrative Services Company; Enterprise Holdings, Inc.; National Car Rental System, Inc.; Lauderdale County; Jones County; City of Ellisville; Beech's Towing & Recovery LLC; ABC 1-5; and John Does 1-5, and asserted that venue was proper per Mississippi Code Section 11-11-3 (Rev. 2019) because the claim arose out of a motor vehicle accident which occurred in Pearl River County.

¶2.    Defendants Jones County, Lauderdale County, and the City of Ellisville, filed motions to change venue, alleging that they had not been sued in the proper venue, based on the specific venue statute, Mississippi Code Section 11-46-13(2) (Rev. 2019), of the Mississippi Tort Claims Act.   The circuit court directed the parties to supplement their briefing on the change of venue issue, and the motions were ultimately denied.   Aggrieved, Jones County, Lauderdale County, and the City of Ellisville petitioned for an interlocutory appeal arguing that venue in the Circuit Court of Pearl River County was improper and that the case should be transferred either to Jones County or Lauderdale County.

2

¶3.    We reverse the circuit court's judgment denying the change of venue motions, and we remand the case with instructions to transfer venue either to Jones County or Lauderdale County.

**FACTS**

¶4.    On November 19, 2018, Shelley Rose rented a Dodge Caravan from EAN Holdings, LLC; Enterprise Leasing Company-South Central, LLC; Elco Administrative Services Company; Enterprise Holdings, Inc; and/or National Car Rental System, Inc. The next day, deputies with the Lauderdale County Sheriff's Department responded to a call at TravelCenters of America Truck Stop in Meridian, Mississippi, concerning a suspected impaired driver in a vehicle matching the description of the rental car Rose had rented. Witnesses claimed they had been run off the road by the driver of the car and that the car hit a pole in the parking lot of the truck stop. Deputies reached the driver of the car and found her exhibiting signs of intoxication. Rose was taken to the Lauderdale County Detention Center, was booked around 4:24 p.m., and was charged with DUI 4 and later released from custody around 10:23 p.m. of the same day.

¶5.    On November 21, 2018, Ellisville Police Department received a report of a suspicious woman attempting to break into vehicles at a local gas station. Captain Wayne McLemore responded to the call and found an intoxicated Rose. She was charged with public intoxication and transported to the Jones County jail at around 9:48 a.m. Rose remained in jail until 11:00 p.m., when she was transported to the Ellisville Police Department and

3

released on bond.  Ellisville police drove Rose to a towing service, where she arranged to retrieve her rental vehicle just as she had done after her arrest in Lauderdale County

¶6.    The next morning, November 22, 2018, while driving the rented Dodge Caravan in Pearl River County, Rose, while impaired, traveled north in the southbound lane of I-59 and collided head-on with a vehicle driven by Jada Bright, who died at the scene of the accident.

## STANDARD OF REVIEW

¶7.    "The determination for proper venue is governed by statute."  *Miss. Crime Lab. v. Douglas*, 70 So. 3d 196, 202 (¶ 16) (Miss. 2011); *see also Park on Lakeland Drive, Inc. v. Spence*, 941 So. 2d 203, 206 (¶ 8) (Miss. 2006) ("Venue is a function of statute." (quoting *Flight Line, Inc. v Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992))).  The application of the Mississippi Tort Claims Act and its venue statute is a question of law, to which the Mississippi Supreme Court applies *de novo* review.  *Miss. Dep't of Hum. Servs. v. S.C.*, 119 So. 3d 1011, 1013 (Miss. 2013); *City of Jackson v. Harris*, 44 So. 3d 927, 931 (Miss. 2010).  Indeed, it is well established that "statutory interpretation is a matter of law which this Court reviews de novo."  *Adams v. Baptist Mem'l Hosp.-DeSoto, Inc.*, 965 So. 2d 652, 655 (Miss. 2007) (citing *Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 287 (Miss. 2007)).

## DISCUSSION

### I.    Whether the Court properly denied a transfer of venue.

¶8.    The Estate of Jada Bright has asserted monetary damages claims against Jones County, Lauderdale County, and the City of Ellisville.  The claims are exclusively governed

by the Mississippi Tort Claims Act, Mississippi Code Sections 11-46-1 to -23 (Rev. 2019).

Mississippi Code Section 11-46-7(1) provides:

> (2) The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

Miss. Code Ann. § 11-46-7(1) (Rev. 2019).

¶9. The tort claims act is to "be interpreted as expressly written or by necessary implication in order to carry out the Legislature's intent to strictly limit the State's waiver of state sovereign immunity." *Knight v. Miss. Transp. Comm'n*, 10 So. 3d 962, 967 (Miss. Ct. App. 2009), *overruled on other grounds by Little v. Miss. Dep't of Transp.*, 129 So. 3d 132 (Miss. 2014). All parties agree that the Mississippi Tort Claims Act controls here.

¶10. The specific venue provision of the tort claims act states:

> (2) The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. *The venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding that other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply.*

Miss. Code. Ann. § 11-46-13(2) (Rev. 2019) (emphasis added).

¶11.	"[T]his venue is controlling over all other venue statutes and defendants in the suit." ***S.C.***, 119 So. 3d at 1013 (¶ 7).  The Court's role "is not to decide what a statute should provide, but to determine what it does provide." ***Lawson v. Honeywell Int'l, Inc.***, 75 So. 3d 1024, 1027 (¶ 7) (Miss. 2011).  The Court examines the statute and linguistic choices as a whole, not looking to the words in isolation.  ***Miller v. French***, 530 U.S. 327, 340 (2000); ***In re Settoon Towing, L.L.C.***, 859 F.3d 340, 345 (5th Cir. 2017).  "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." ***Lawson***, 75 So. 3d at 1027.  On the other hand, if a statute is ambiguous or silent, statutory interpretation is warranted.  ***Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid***, 21 So. 3d 600, 607 (¶ 18) (Miss. 2009).

¶12.	"When shall is used in a statute, the word 'shall' is mandatory and the word 'may' is discretionary." ***King v. Miss. Dep't of Child Prot. Servs. (In re Int. of E.K.)***, 249 So. 3d 377, 383 (¶ 21) (Miss. 2019) (citing ***In re Int. of D.D.B. v. Jackson Cnty. Youth Ct.***, 816 So. 2d 380, 382 (¶ 7) (Miss. 2002)).  "When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein." Miss. R. Civ. P. 82(d).  Here, the circuit court could have applied the more specific venue statute of the Mississippi Tort Claims Act and transferred venue to a proper county while not extinguishing the wrongful death claim.

¶13.    Instead, the circuit court declined to apply the specific venue statute found in Section 11-46-13(2) and rather declined to apply any venue statute and determined that because Mississippi's wrongful death statute, Mississippi Code Section 11-7-13, requires but one wrongful death suit, the case was proper in Pearl River County Circuit Court.  The trial court, citing *Long v. McKinney*, reasoned that all the claims shall be joined in one suit.  *Long v. McKinney*, 897 So. 2d 160, 174 (¶ 57) (Miss. 2004), and explained its reasoning as follows:

> Were the Court to follow the plain meaning of the second sentence (of the MTCA venue statute 11-46-13(2)), it would have to sever the wrongful death claims against the political subdivisions.

¶14.    In *S.C.*, 119 So. 3d at 1013 (¶ 7) (quoting Miss. Code Ann. § 11-46-13(2) (Rev. 2012)), our Court stated: "MTCA provides that venue 'against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place.'" There, the defendant was a state agency and we found that venue was proper in the county in which the "act, omission or event" occurred, which was Lauderdale County.  *Id.* at 1015 (¶ 13); *see also* *Quinn v. Miss. State Univ.*, 720 So. 2d 843, 846 (Miss. 1998) ("This is a suit filed against state employees, so proper venue is in the county in which the negligence took place."), *overruled by* *City of Jackson v. Est. of Stewart ex rel. Womack*, 908 So. 2d 703 (Miss. 2005).  We further recognized that "[v]enue for 'all other suits' [involving tort clams act protected defendant] is proper 'in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located.'" *S.C.*, 119 So. 3d at 1013 (¶ 7) (citing Miss. Code Ann. § 11-46-13(2)).

¶15. In ***Wayne General Hospital v. Hayes***, 868 So. 2d 997, 1003 (Miss. 2004), the trial court denied defendants' application for change of venue on the basis that at the outset of the suit, the state defendant, University of Mississippi Medical Center, was located in Hinds County and, according to the circuit court, Hinds County was the proper venue based on the acts and omissions of the state defendant. Later, UMMC was voluntarily dismissed from the suit, and as such, this Court reversed the decision of the trial court, finding that the plaintiff did not have viable claims against the State defendant and, as such, Hinds County was an improper venue. ***Id.*** at 1006-07 (¶ 36). Accordingly, this Court held that because the remaining defendant, Wayne General Hospital, was a community hospital as defined in the tort claims act, Wayne County was the proper venue under the provisions of Mississippi Code Section 11-46-13(2). ***Id.*** In its ruling, the Court found:

> The MTCA is clear on this point: where a plaintiff files suit against an MTCA-protected public entity other than the state of Mississippi or its employees, venue is proper only in the "county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located."

***Id.*** at 1004 (¶ 32).

¶16. Here, all parties agree that the tort claims act governs against the political subdivision defendants—Jones County, the City of Ellisville, and Lauderdale County. Neither the State of Mississippi nor employees of the state are named in the suit. Section 11-46-13(2) only allows for venue to lie when the acts or omissions occurred when the *state* is a named defendant. *See **Wayne Gen. Hosp.***, 868 So. 2d at 1004–05. In all suits against political

8

subdivisions, venue must lie in the *county* where the offices of the governing body might be found. *Id.*

¶17. We hold that the language concerning venue in the Mississippi Tort Claims Act is plain, unambiguous, and provides mandatory language that requires venue to be in a place where the administrative offices of a political subdivision is located. In the matter *sub judice*, Pearl River County is an impermissible venue and warrants reversal of the denial of the motion to transfer venue. This ruling does not extinguish the wrongful death claims brought by Bright.

**II.    Venue is proper in either Jones County or Lauderdale County.**

¶18. Because we find that the circuit court erred by denying the motion to transfer venue, we must now determine where venue is appropriate. In circuit court, Jones County, the City of Ellisville, and Lauderdale County argued that the claims against the political subdivisions should either be severed from the claims against the other defendants or transferred to Lauderdale County or Jones County. The circuit court rejected the arguments because Mississippi Code Section 11-7-13 (Rev. 2019) is a "'one-suit' mandate," and "there can be only one wrongful death lawsuit." *See also Long*, 897 So. 2d at 174 (¶ 41) ("[I]n wrongful death litigation, all claims shall be joined in one suit."). It is true that our Court held in *Adams*, 965 So. 2d at 655 (¶ 13), that "[a]n action for wrongful death cannot be severed pursuant to Mississippi Code Section 11-7-13." As recognized by the circuit court, a conflict exists between the requirement of Mississippi Code Section 11-7-13 not to sever claims and the requirement of Mississippi Code Section 11-46-13(2), which says that venue shall be

9

proper county or judicial district of the political subdivision when, as here, there is more than one political subdivision named in the suit.

¶19. Defendant Beech's Towing & Recovery LLC argued in its motion to transfer venue that venue can only be proper in Jones County or Lauderdale County under Mississippi Code Section 11-46-13(2) but not in Pearl River County. Beech's argument has merit. Because the claims against Jones County and the City of Ellisville permissibly may have been filed in the Circuit Court of Jones County and because the claims against Lauderdale County may have been brought in the Circuit Court of Lauderdale County, *either* Jones County or Lauderdale County would be the appropriate venue here in order to also satisfy the wrongful death statute's one-suit requirement. On the other hand, severing the claims and transferring the separate parts to different counties would violate the one-suit requirement.

¶20. Because Bright filed suit in an improper venue, the trial court must now determine which venue—either Jones or Lauderdale County—is the proper forum for the suit.

¶21. Mississippi Rule of Civil Procedure 82(e) provides that:

> "With respect to actions filed in an appropriate venue where venue is not otherwise designated or limited by statute, the court may, for the convenience of the parties and witnesses or in the interest of justice, transfer any action or any claim in any civil action to any court in which the action might have been properly filed and the case shall proceed as though originally filed therein."

**CONCLUSION**

¶22. While it is true that there can only be one suit filed in a wrongful death suit under Mississippi Code Section 11-7-13, Pearl River County was not the proper venue for the named political subdivisions under Mississippi Code Section 11-46-13(2). In their combined

10

brief, the political subdivisions indicate that venue is proper in either Jones County or Lauderdale County. Because the trial court erred by denying the motion to transfer venue, we reverse the decision of the trial court and remand this case with instructions to transfer the case in its entirety either to Jones County or Lauderdale County, weighing the factors of *forum non conveniens*.

¶23. **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., NOT PARTICIPATING**.

11