# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00047-COA

**E. CORNELL MALONE CORPORATION**                                 **APPELLANT**

**v.**

**MARSHALL COUNTY SCHOOL DISTRICT**                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/15/2023 |
| TRIAL JUDGE: | HON. KENT E. SMITH |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PHILIP J. SIEGEL |
| | G. TODD BURWELL |
| | RICHARD ALLEN EISENBERGER JR. |
| ATTORNEY FOR APPELLEE: | LORI WHALEY SHAW |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 04/15/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. E. Cornell Malone Corporation (Malone) filed a complaint against the Marshall County School District (the District) in the Circuit Court of Marshall County, Mississippi, seeking to recover damages for services rendered pursuant to a contract for the repair of the roofing on two elementary schools in the District. In its complaint, Malone sought to recover damages for breach of contract in Claim I, quantum meruit and unjust enrichment in Claim II, and in Claim III "Claim Pursuant to Miss. Code Ann. § 31-5-25 " (which governs the method of payments for "public construction contracts"). The District filed a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6), which the circuit court granted in part and denied in part, dismissing all of Malone's claims except one claim for

$752.05 that was resolved by agreement. *See infra* note 2. Aggrieved, Malone appealed.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Malone and the District entered into an American Institute of Architects (AIA) "Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum" dated October 15, 2019. In the AIA form agreement, the identity of the Architect and "The Work of this Contract" were left to be determined at a later date. The "Date of Commencement and Substantial Completion" was established as "A date set forth in a Notice to Proceed by the Architect or Owner." The "Substantial Completion" in § 3.3.1 of the agreement states as follows: "By the following date: To be determined after settlement of Insurance Claim." Payments are governed by Article 5 of the agreement. Applications for payment had to be submitted by Malone to the Architect. If received by the 25th day of the month, payment was due by the 25th day of the next month. The trigger that placed the burden on the District to make a payment was a "Certificate for Payment" issued by the Architect to the District. The payments were subject to a five-percent retainage according to § 5.1.7.1 of the agreement. Final payment, constituting the entire unpaid balance of the contract sum, was required to be made within thirty days of the issuance of the final "Certificate of Payment" by the Architect.[1]

¶3.     In May 2020, the parties executed a "change order," which provided the details not determined in the original AIA form. The scope of the work is stated as:

---

[1] Neither party made any reference, in their pleadings or at the hearing, to progress payments made or requested during the course of the work. There is no mention of "Applications for Payment" made by Malone to the Architect or any "Certificate for Payment" issued by the Architect to the District.

2

Roofing of Galena Elementary School and HW Byers per the attached Scope of Work marked Exhibit "A". Scope of Work based on Insurance Claim #5630042916.

The contract sum to be paid to Malone for this work was $900,642.00. There was no time set for substantial completion. William T. Mills of Mills & Mills Architects P.C. signed the change order as the Architect for the project.

¶4. Malone alleges that after it began performing the work according to the first change order described above, it discovered bad decking that needed to be replaced at both schools. The first change order did not include replacing the decking in the scope of work to be performed by Malone and did not include the cost to replace the decking.

¶5. Malone made the following allegations in its complaint, all denied by the District:

8. Shortly after Malone began performing the work pursuant to the Contract, Malone discovered both schools had bad decking that needed to be replaced. The bad decking was a latent and unforeseen condition that prevented Malone from proceeding with its contractual scope of work.

9. The necessary deck replacement work was in addition to the $900,642.00 pursuant to [the change order].

10. Shortly after the discovery of the bad decking, Malone began assisting [the District in submitting] a claim to [the District's] insurer to cover the additional cost of replacing the bad decking. However, due to a wear and tear exclusion in the insurance policy, [the District's] insurer denied coverage.

11. With [the District] knowing that Malone intended to be paid for the work outside the original scope of work pursuant to [the change order], [the District] permitted Malone to proceed with the work, including the necessary deck replacement work. [The District] continued to permit [Malone] to proceed with the necessary deck replacement work knowing that its insurer had denied the claim and would not cover the additional costs, and also knowing that Malone was expecting to be

3

paid for the deck replacement work, which was for the benefit of the [District].

12.     Malone performed the deck replacement work in plain view, and the [District] never instructed Malone to cease with the work, even after [the District] knew its insurance claim was denied.

¶6.     According to the complaint, Malone substantially completed its work on the project on September 23, 2020. The complaint alleges that the District "accepted the Project and all of Malone's roof and deck replacement work under the scope of the Contract and Change Order #1 and Change Order #2." However, it was not until October 20, 2020, after the work was completed, that Malone sent a "Proposal" for Change Order #2 to the Architect. This proposal sought to cover the cost of the decking replacement in the amount of $143,896.00. However, the proposal was not signed by either the District or the Architect as being accepted.

¶7.     Malone alleged in the complaint that the District paid Malone $31,852.90 on July 20, 2022, which left a balance of $752.05 owing as to Change Order #1. The complaint further alleged that the District refused to pay Malone the $752.05 owed on Change Order #1 and refused to pay any of the $143,896.00 related to Change Order #2. As a result, Malone filed its complaint against the District on October 4, 2022. Attached to the complaint were the October 15, 2019 original AIA form agreement, Change Order #1 with the scope of work attachments, and the unsigned proposal dated October 20, 2020, as discussed above. The District filed its answer on November 4, 2022, citing multiple affirmative defenses, including, among others, that Malone's complaint failed to set forth a claim upon which relief could be granted and that the claims were barred by the applicable statute of

4

limitations, and also generally denying all of Malone's grounds for recovery.

¶8.    On January 31, 2023, the District filed its motion to dismiss the complaint. On February 10, 2023, Malone filed a motion for leave to amend the complaint "to clarify the underlying facts and circumstances raised in the Complaint that are proper subject of relief." The same day, Malone also filed a response in opposition to the District's motion to dismiss.

¶9.    On June 9, 2023, the circuit court heard arguments of counsel on the District's motion to dismiss. The court invited the parties to submit additional authorities for their respective positions and proposed orders by email. Malone submitted its supplemental brief by email to the circuit judge on June 26, 2023. On July 11, 2023, the District filed a response to Malone's "supplemental brief." On August 30, 2023, the circuit court entered its order granting in part and denying in part the District's motion to dismiss. First, the circuit court dismissed the breach of contract claim, finding that because the "proposal" or Change Order #2 was not signed by anyone from the District, there was no contract. Second, the circuit court dismissed the quantum meruit and unjust enrichment claims, finding that Malone failed to comply with the notice requirement and that the one-year statute of limitations set forth by the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to 11-46-23 (Rev. 2019). Lastly, the circuit court found that Malone's claim based on Mississippi Code Annotated section 31-5-25 (Rev. 2020) concerning payment to contractors "should also fail due to not having a valid contract or change order and merely making conclusory allegations or legal conclusions masquerading as factual conclusions."[2]

---

[2] Pursuant to the "Agreed Final Judgment as to the Remaining Claim made by Plaintiff, E. Cornell Malone Corporation Against Defendant, Marshall County School

5

¶10. Malone's motion to amend was heard on October 20, 2023. Both parties filed supplemental briefs in support of their positions prior to the hearing. The circuit court denied the motion to amend, finding that any amendment would be futile because Malone's claims are barred based on Malone's failure to comply with the notice requirement and statute of limitations imposed by the MTCA. Aggrieved by both decisions, Malone appealed.

## STANDARD OF REVIEW

¶11. In *Moton v. City of Clarksdale*, 367 So. 3d 979, 982 (¶¶8-9) (Miss. 2023), the supreme court held:

> An appellate court reviews de novo the grant or denial of a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Webb v. DeSoto Cnty.*, 843 So. 2d 682, 684 (¶6) (Miss. 2003). The same standard applies to issues concerning the statute of limitations, including the one found in the Mississippi Tort Claims Act. Mississippi's appellate courts likewise review de novo questions of law, including the proper application of the Mississippi Tort Claims Act. *Miss. Dep't of Hum. Servs. v. S.C.*, 119 So. 3d 1011, 1013 (¶6) (Miss. 2013).
>
> A motion brought under Rule 12(b)(6) is decided on the face of the pleadings. *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1211 (¶15) (Miss. 2001). "The allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Jourdan River Ests., LLC v. Favre*, 212 So. 3d 800, 802 (¶4) (Miss. 2015) (citing *Rose v. Tullos*, 994 So. 2d 734, 737 (¶24) (Miss. 2008)).

## ANALYSIS

¶12. On appeal, Malone raises four issues, which we will address below.[3]

_____

District" entered on December 15, 2023, the $752.05 claim relating to Change Order #1 had already been paid by agreement and is not an issue on appeal.

[3] The issues Malone raised on appeal are directed toward its claim for payment based upon quantum meruit/unjust enrichment in Claim II of its complaint, the application of the

**I.     Whether the circuit court erred by dismissing the complaint based on the statute of limitations provided in the MTCA.**

¶13.    Both parties agree that Malone's claims of quantum meruit and unjust enrichment are governed by the MTCA.  The statute of limitations for a claim made under the MTCA is set forth in section 11-46-11(3)(a):

> All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

¶14.    Malone argues that "the trial court erroneously held that the statute of limitations for an MTCA claim begins to run on the date of substantial completion." Both parties agree that substantial completion occurred on September 23, 2020, more than two years before Malone filed its complaint. As noted above, Malone's complaint alleges that upon substantial completion, the District "accepted the Project and all of Malone's roof and deck replacement work under the scope of the Contract and Change Order #1 and Change Order #2." However, Malone argues that the one-year statute of limitations for an MTCA claim commences when the implied promise to pay is broken. Malone contends that event occurred on November 11, 2021, when, in response to Malone's inquiry via email to the District regarding the invoice for the "proposal," the District replied:

> The Marshall County School District's position on this invoice is that during

MTCA, and the denial of its motion to amend its complaint.  Malone does not challenge on appeal the dismissal of its claims for breach of contract in Claim I of the complaint or its claim in Claim III for damages pursuant to section 31-5-25.

the negotiations with Malone Roofing it was agreed that Malone Roofing would take on the project for the amount that was given to the Marshall County School District from the insurance company. The Marshall County School District has given Malone Roofing the amount that was received from the insurance and believes they fulfilled the agreement between the two parties.

The circuit court used the date of substantial completion and acceptance of the project, September 23, 2020, in ruling that the complaint was not timely filed.

¶15.    In *White v. Jernigan Copeland Attorneys PLLC*, 346 So. 3d 887, 902 (¶48) (Miss. 2022), our supreme court explained:

> Still, Mississippi Code Section 11-46-11(3)(a) mandates that "[a]ll actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based . . . ." Miss. Code Ann. § 11-46-11(3)(a) (Rev. 2019). **"[T]he MTCA's one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it."** *Caves v. Yarbrough*, 991 So. 2d 142, 155 (Miss. 2008).

(Emphasis added).

¶16.    Malone's argument that the statute did not begin to run until delivery of the November 11, 2021 e-mail is unpersuasive. The "proposal," which the District had never accepted, was signed by a representative of Malone on the date it was issued, October 20, 2020. The proposal even states that Malone "reserves the right to withdraw [the] proposal if not accepted within thirty days." When the proposal was not accepted within that period, Malone should have been aware that the District did not agree to pay for the work not covered by insurance.

¶17.    More importantly, section 31-5-25(1)(b) provides:

8

(1) **All sums due contractors under all public construction contracts shall be paid as follows**:

. . . .

(b) **Final payments: The final payment of all monies owed contractors shall be due and payable**:

(i) **At the completion of the project or after the work has been substantially completed in accordance with the terms and provisions of the contract**;
(ii) When the owner beneficially uses or occupies the project except in the case where the project involves renovation or alteration to an existing facility in which the owner maintains beneficial use or occupancy during the course of the project;
(iii) When the project is certified as having been completed by the architect or engineer authorized to make such certification; or
(iv) When the project is certified as having been completed by the contracting authority representing the State of Mississippi or any of its political subdivisions, whichever event shall first occur.

If the contractor is not paid in full **within forty-five (45) calendar days from the first occurrence of one (1) of the above-mentioned events**, then said final payment shall bear interest from the date of said first occurrence at the rate of one percent (1%) per month until fully paid. . . .

(Emphasis added). This statute provides that the full final payment is due upon substantial completion and that payment is past due forty-five calendar days thereafter.

¶18. We find that any and all monies owed by the District to Malone became due on the date of substantial completion and were past due forty-five days later. Under the facts of this case, the one-year statute of limitations began to run forty-five days after September 23, 2020. Because Malone did not file its complaint within that period, the circuit court did not err by dismissing Malone's claim for damages under a theory of quantum meruit or unjust

9

enrichment.[4]

> **II.    Whether the circuit court erred by denying the motion to amend the complaint.**

¶19.    Because Malone failed to file its complaint within the one-year statute of limitation as addressed above, the circuit court denied Malone's motion to amend its complaint, finding any such amendment would be futile. Malone again argues that the statute of limitations did not begin to run until payment for costs contained in the "proposal" was specifically denied by the District in an email dated November 11, 2021. In *Archer v. Harlow's Casino Resort & Spa*, 395 So. 3d 71, 74 (¶9) (Miss. Ct. App. 2024), this Court stated:

> We review the denial of a motion to amend a complaint "under an abuse of discretion standard." *Harmon v. Regions Bank*, 961 So. 2d 693, 701 (¶28) (Miss. 2007). "[W]hen the proposed amendment would still render the claim futile, the [trial court] is well within [its] discretion to deny such request." *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 651 (¶14) (Miss. 2021) (quotation marks omitted) (quoting *Griffin v. CitiMortgage Inc.*, 296 So. 3d 767, 772 (¶13) (Miss. Ct. App. 2020)).

Having found that the complaint was barred by the statute of limitations, we find that the circuit court did not abuse its discretion by denying the motion to amend the complaint. Any such amendment of the complaint would have also been barred by the statute, and, thus, the amendment would have been futile.

## CONCLUSION

¶20.    Finding no error, we affirm the circuit court's order dismissing the tort claims in the

---

[4] Because we find Malone's failure to file its complaint within the one-year statute of limitations is dispositive, we decline to address two issues Malone raised concerning whether the statutorily required pre-suit notice was properly served and whether the District waived such notice requirement.

complaint as being barred by the MTCA's one-year statute of limitations. We further find

that the court did not err by denying the motion to amend the complaint.

¶21.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND ST. PÉ, JJ., CONCUR.  CARLTON, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**